IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JED COOPER, | Case No. 6:22-cv-01453-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| KELLY WARREN RANDALE, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff Jed Cooper seeks leave to proceed *in forma pauperis* ("IFP") in this tort action against Defendant Kelly Warren Randale. ECF No. 2. For the reasons set forth below, Plaintiff's Complaint, ECF. No. 1 ("Compl."), is DISMISSED with leave to amend. Plaintiff's IFP application, ECF No. 2, is GRANTED.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in the United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must

make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Waitson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## BACKGROUND

On September 28, 2022, Plaintiff filed his Complaint and IFP petition alleging intentional infliction of emotional distress ("IIED") and intrusion upon seclusion. Compl. at 3.[1] Plaintiff claims that Defendant used a friend's Facebook account to view a private chat between plaintiff and the friend. Plaintiff alleges that, in doing so, Defendant "[d]rove a wedge between [Plaintiff and his] friend" and stole the friend's identifying documents. *Id.* Plaintiff seeks $500,000; two stays at All Points North Lodge "to unpack the pain" defendant caused; and an order directing Defendant to explain who she was working for; formally apologize to plaintiff, and write a letter explaining that Plaintiff did not steal his friend's identity. *Id.*

## DISCUSSION

**I.     Jurisdiction**

Plaintiff alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which

---

[1]     Citation refers to page number as shown in filing stamp.

are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. As under 28 U.S.C. §1331, a "federal question" case involves the Constitution or a federal law or treaty. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). The court must dismiss an action where it lacks subject-matter jurisdiction, whether upon the motion of a party or *sua sponte*. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015; *see also* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff does not cite a federal constitutional, statutory, or treaty right at issue in this case. The claim of IIED and intrusion upon seclusion is a state law tort claim—not a federal claim. The Court will grant Plaintiff leave to amend his complaint. Plaintiff should point to a federal law at issue in this case. If Plaintiff cannot point to a federal law at issue in this case, federal question jurisdiction is not satisfied.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP, ECF No. 2, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint.

Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

IT IS SO ORDERED.

Dated this <u>8th</u> day of November 2023.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge